```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION


MICHELLE HAYWOOD,           )
                            )
        Plaintiff,          )
                            )
   vs.                      )     No. 2:15-CV-373
                            )
NOVARTIS PHARMACEUTICALS    )
CORP.,                      )
                            )
        Defendant.          )
```

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint, filed by the defendant, Novartis Pharmaceuticals Corporation, on November 2, 2015. (DE #14.) For the reasons set forth below, the motion to dismiss is **GRANTED**. However, the complaint is **DISMISSED WITHOUT PREJUDICE**, and the plaintiff, Michelle Haywood, is **GRANTED** thirty days from the date of this Order to amend her complaint should she so choose.


BACKGROUND

Plaintiff, Michelle Haywood ("Haywood"), filed her complaint in state court on August 13, 2015. (DE #4.) The complaint brings claims for negligence, negligent training and supervision, and public disclosure of private facts; it also lists "punitive damages" as a separate count. (*Id*.) The defendant, Novartis

Pharmaceuticals Corporation ("Novartis"), removed the matter to this Court on the basis of diversity jurisdiction on September 28, 2015. (DE #1.) On November 2, 2015, Novartis filed the instant motion to dismiss. (DE #14.) On November 14, 2015, Haywood filed her response in opposition to that motion. (DE #16.) Novartis filed its reply on December 1, 2015. (DE #19.) The motion is thus ripe for adjudication.

DISCUSSION

*Facts*

At the time of the alleged incident, Novartis was a prescription medication provider to Haywood. (DE #1, p. 1.) According to Haywood, on July 8, 2015, Novartis faxed protected health information about Haywood's disease, treatment, and medical providers to Haywood's co-workers. (*Id*.) The fax also included personal information such as Haywood's social security number, date of birth, and Medicare number. (*Id*. at 1-2.) Prior to that time, Haywood had explicitly told Novartis in writing not to disclose her information to her place of employment via facsimile. (*Id*. at 2.) Haywood alleges that Novartis acted negligently and/or with reckless indifference when it did so.

Count One alleges that Novartis was negligent when it "breached its statutory and common law duties of confidentiality and privacy" to Haywood. (*Id*.) She states that, "[a]s a

provider of pharmaceutical services, [Novartis] owes a non-delegable duty to its customers to protect the privacy and confidentiality of their Protected Health Information and personal information." (*Id.*)  Count Two alleges that Novartis was negligent in its training and supervision of its employees with regard to the protection of customer privacy and confidentiality, and Haywood also claims that Novartis breached its duty to her in the supervision of its employees. (*Id.* at 2-3.)  Count Three alleges that, "[b]y publicizing [Haywood's] disease to her co-workers and supervisors, Novartis committed the common law tort of Public Disclosure of Private Facts." (*Id.* at 3.)  Count Four requests punitive damages based on the aforementioned acts allegedly committed by Novartis because it "acted with reckless indifference" with regard to Haywood's injuries. (*Id.* at 3-4.)

*Analysis*

As an initial matter, the Court notes that the parties disagree as to which standard should be applied when evaluating the complaint's sufficiency.  Novartis argues that the Court should apply Federal Rule of Civil Procedure 12(b)(6), while Haywood argues that Indiana's notice pleading requirements apply. The Court agrees with Novartis.  The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a

state court." Fed.R.Civ.P. 81(c)(1). The Supreme Court has acknowledged as much, stating "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974); see also *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997) ("it is rudimentary that pleading requirements in the federal courts are governed by the federal rules and not by the practice of the courts in the state in which the federal court happens to be sitting") (internal quotations marks and citations omitted).[1] However, "when the federal standards are heightened over state standards, it is appropriate for the court to order dismissal with the opportunity to replead rather than to dismiss the complaint altogether." *Stuhlmacher v. Home Depot U.S.A., Inc.*, No. 2:10-CV-467, 2011 WL 1792853, at *4 (N.D. Ind. May 11, 2011).

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all facts alleged in the complaint as true and draw all reasonable inferences in

---

[1] That said, although federal law supplies the standards to be considered in determining whether the complaint states claims upon which relief may be granted, Indiana law provides the choice of law rules. See *Sheldon v. Munford, Inc.*, 660 F.Supp. 130, 133 n. 1 (N.D. Ind. 1987). Where, as here, the alleged injury occurred in Indiana, Indiana substantive law applies. See *Cox by Zick v. Nichols*, 690 N.E.2d 750, 752 (Ind. Ct. App. 1998).

4

the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations; however, the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). The plaintiff's obligation "requires more than labels and conclusions. . . ." *Id*. at 555. The Supreme Court has provided that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). However, "[w]hen a party presents materials that are not attached to or referred to in the complaint, the court has discretion to exclude the materials or to consider the materials and convert the motion to dismiss to a motion for summary judgment." *U.S. v. Sullivan*, No. 10-CR-821-1, 2016 WL 1626622, at *4 (N.D. Ill. Apr. 21, 2016) (citing Fed.R.Civ.P. 12(d)); see also *Hecker v. Deere &*

*Co.*, 556 F.3d 575, 583 (7th Cir. 2009) ("district court acted within its discretion when it chose not to convert the defendants' motion under Rule 12(b)(6) to a motion for summary judgment").

<u>*Counts One and Two - Negligence and Negligent Training and Supervision*</u>

Novartis argues that Counts One and Two fail as a matter of law because Haywood has not properly alleged that Novartis owed her a legal duty. In response, Haywood asserts that Novartis owed her "multiple duties" based on representations on its website and in its marketing materials, based on a statutory duty under Indiana Code section 25-26-13-15(b), and based on the Health Insurance Portability and Accountability Act ("HIPPA").

In Indiana, "the tort of negligence is comprised of three elements: (1) a duty on the part of defendant in relation to the plaintiff; (2) the defendant's breach of that duty; and (3) an injury to the plaintiff resulting from that failure." *Kolozsvari v. Doe*, 943 N.E.2d 823, 826-27 (Ind. Ct. App. 2011) (citing *Miller v. Griesel*, 308 N.E.2d 701, 706 (Ind. 1974)). "A duty to exercise care arises as a matter of law out of some relation existing between the parties, and it is the province of the court to determine whether such a relation gives rise to such duty." *Id*. at 827 (internal quotation marks and citation omitted).

6

"Absent a duty, there can be no breach of duty and thus no negligence or liability based upon the breach." *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004). In general, Indiana courts consider three factors when determining whether a duty exists: "(1) the relationship between the plaintiff and defendant; (2) the reasonable foreseeability of harm to the person injured by the defendant's conduct; and (3) public policy concerns." *Houser v. Kaufman*, 972 N.E.2d 927, 938 (Ind. Ct. App. 2012). This inquiry is case specific. *Id*. Furthermore, a claim for negligent supervision and training must be analyzed pursuant to the doctrine of respondeat superior, and the court has "observe[d] that for respondeat liability to attach, there must also be underlying liability of the acting party." *Walgreen Co. v. Hinchy*, 21 N.E.3d 99, 109 (Ind. Ct. App. 2014).

Here, Haywood's complaint simply alleges that, as a "provider of pharmaceutical services," Novartis owes a "non-delegable duty to its customers." In order to bolster its argument that such an allegation is insufficient to establish the existence of a duty, Novartis asks this Court to take judicial notice of the facts that "Novartis researches, manufactures, markets, and sells pharmaceuticals" and is "prohibited from selling its prescription drugs directly to patients." See *In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 144 (2d Cir. 2010), abrogated by *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct.

7

2156 (2012). The Court need not determine whether taking judicial notice of such facts is proper because it is clear that Haywood's complaint is insufficient on its face.[2] While Haywood now argues that Novartis owed her a duty based on representations communicated via its website and marketing materials, such allegations are wholly lacking in her complaint. In determining whether dismissal is appropriate under Rule 12(b)(6), the Court declines to consider language from Novartis' website because, as it stands, such material is neither central to the complaint nor referred to in it. See *Williamson*, 714 F.3d at 436. Furthermore, Haywood may not amend her complaint through her brief in opposition to Novartis' motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). The Court agrees with Novartis that without additional factual assertions regarding the applicability of the referenced privacy policies to the allegedly negligent communications, Haywood's claims in Counts One and Two are not plausible because they consist of little more than threadbare recitals of the required elements. See *Iqbal*, 556 U.S. at 678.

---

[2] See *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) ("A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned."); see also *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (finding public court documents judicially noticeable).

The same rings true of Haywood's arguments regarding negligence *per se* under the Indiana Code and/or HIPPA. While it is true that Indiana courts have recognized negligence for statutory violations,[3] Haywood's complaint is silent regarding the existence and/or applicability of any particular statute. As this Court has noted previously:

> 'When a civil tort action is premised upon violation of a duty imposed by statute, the initial question to be determined by the court is whether the statute in question confers a private right of action.' *Right Reason Publ'ns v. Silva*, 691 N.E.2d 1347, 1352 (Ind. Ct. App. 1998) (quotation omitted); see also *Dawson by Dawson v. Long*, 546 N.E.2d 1265, 1268 (Ind. Ct. App. 1989) (holding in order for the violation of a statute or ordinance to be negligence *per se*, the trier of fact must first determine whether the statute is applicable). In this case, it is impossible to determine if the ordinance was designed or enacted to protect the class of persons in which [the plaintiff] is included against the risk of the type of harm which in fact occurred, because she fails to specify the regulation or ordinance which was allegedly violated. Notice pleading requirements suggest that [the plaintiff] must plead the specific statute on which she bases her claim for negligence *per se*. See *Bell Atlantic*, 127 S.Ct. at 1964-65 (holding the complaint must describe a claim in sufficient detail to give defendant fair notice of what the claim is and the grounds upon which it rests). Here, where [the plaintiff] is bringing a claim based upon specific statutes, regulations, or ordinances, it logically follows that she must plead the statute(s) upon which the claim is based. As the Court found in

---

[3] See *Kho v. Pennington*, 875 N.E.2d 208, 212 (Ind. 2007) (citing cases).

> granting a motion to dismiss where the complaint failed to identify a specific statute that supported a claim of negligence *per se* in *Holler v. Cinemark USA, Inc.*, 185 F.Supp.2d 1242, 1244 (D. Kan. 2002), 'plaintiff's generic complaint that defendant violated unspecified 'local, state and federal statutes, guidelines and regulations' does not provide fair notice of his claim.' Similarly, because [the plaintiff] has failed to identify a specific statute, regulation, or ordinance to support her claim of negligence *per se*, [the defendants] do not have fair notice of the claim, and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Chappey v. Ineos USA LLC*, No. 2:08-CV-271, 2009 WL 790194, at *2-3 (N.D. Ind. Mar. 23, 2009). Because Haywood's complaint neither identifies a statute nor alleges any facts regarding the breach of a particular statute, any possible claims of negligence *per se* under the Indiana Code and/or HIPPA are dismissed.

### *Count Three – Public Disclosure of Private Facts*

Novartis argues that Haywood's claim for public disclosure of private facts fails as a matter of law because the tort is not recognized in Indiana, and, even if it was, that she has not properly alleged the disclosed information was "private" or "publically disclosed." In response, Haywood argues that "Indiana recognizes public disclosure of private facts as an actionable tort, and it has been sufficiently pleaded in this complaint under a notice standard."

The term "invasion of privacy" encompasses "four distinct inquiries: 1) intrusion upon seclusion, 2) appropriation of name or likeness, 3) public disclosure of private facts, and 4) false-light publicity." *Doe v. Methodist Hospital*, 690 N.E.2d 681, 684 (Ind. 1997). As to the public disclosure of private facts, the Second Restatement provides that the tort "occurs when a person gives 'publicity' to a matter that concerns the 'private life' of another, a matter that would be 'highly offensive' to a reasonable person and that is not of legitimate public concern." *Id*. at 692 (quoting Restatement (Second) of Torts § 652D). As a more general matter, however, a plurality of the Indiana Supreme Court has expressed deep concern over the constitutionality of the tort because it "serves as an alternative for truthful defamation," which is forbidden by the Indiana Bill of Rights. *Doe*, 690 N.E.2d at 687. In a recent concurring opinion, the Honorable Terry A. Crone described the history of the tort in Indiana as follows:

> In *Doe v. Methodist Hospital*, 690 N.E.2d 681, 682 (Ind. 1997), a plurality of our supreme court 'decline[d] to recognize' the tort, notwithstanding the insistence of two justices that '[f]or almost half a century, Indiana courts have clearly recognized the common law tort of invasion of privacy, including the unwarranted public disclosure of private matters.' *Id*. at 694 (Dickson, J., joined by Sullivan, J., concurring in result). Four years later, in *Felsher v. University of Evansville*, 755 N.E.2d 589, 593 (Ind. 2001), a unanimous supreme court

> essentially characterized the *Doe* plurality's view as a majority holding: 'Our discussion of [the history of the privacy tort] and the Second Restatement served as a prelude to our decision not to recognize a branch of the tort involving the public disclosure of private facts.' More recently, in *Westminster Presbyterian Church of Muncie v. Cheng*, 992 N.E.2d 859, 868 (Ind. Ct. App. 2013), *trans. denied* (2014), another panel of this Court cited *Doe* in stating that 'public disclosure of private facts is not a recognized cause of action in Indiana,' and our supreme court denied transfer in that case. In sum, since *Felsher* was decided in 2001, our state's highest court has acted as if public disclosure of private facts is not a valid cause of action in Indiana, even though a majority of the court has not so held. Although neither *Doe* nor *Felsher* is binding precedent on this point, I am not inclined to rock this particular boat. Consequently, I would affirm summary judgment in favor of the Trustees on Robbins's invasion of privacy claim on the basis that they cannot be held vicariously liable for a nonexistent tort.

*Robbins v. Tr. of Ind. U.*, 45 N.E.3d 1, 13 (Ind. Ct. App. 2015) (Crone, J., concurring in part and concurring in result in part with separate opinion) (footnote omitted).

Putting aside questions of the availability of the tort in general, the Court agrees with Novartis that, even if the tort currently exists in Indiana, Haywood has not sufficiently stated a claim. For example, Haywood simply alleges that Novartis faxed her protected health information to her co-workers and supervisors. She does not provide any detail as to who, if anyone, actually viewed the information. Such a conclusory

12

allegation is insufficient with regard to the publicity element. See, e.g., *Brown v. Wabash Nat. Corp.*, 293 F. Supp. 2d 903, 905 (N.D. Ind. 2003) (the plaintiff's allegations that the defendant put his private information on a "shared network drive" did not meet the threshold necessary to state a claim); see also *J.H. v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 19 N.E.3d 811, 815 (Ind. Ct. App. 2014) ("a communication to a single person or to a small group of persons is not actionable because the publicity element requires communication to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge") (internal quotation marks and citations omitted); *Munsell v. Hambright*, 776 N.E.2d 1272, 1282 (Ind. Ct. App. 2002) (same, noting that the "[r]elease of information to even two co-workers does not satisfy the publicity requirement"); *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 966-67 (Ind. Ct. App. 2001) (acknowledging that a few courts outside of Indiana have adopted a "looser definition of publicity" when facts are disclosed to a "particular public" with a special relationship to the plaintiff, but finding that there was no evidence that such a relationship existed with either of the people who viewed the disclosed information). Here, not only has Haywood failed to allege any details regarding the extent of the disclosure, but she has also failed to address the arguments presented by Novartis with regard to the issue. Failure to

respond to an argument results in waiver. See e.g., *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Accordingly, Count Three of the complaint is dismissed.

While the Court has determined that Haywood's current complaint fails to state any claim, the procedural posture of this case makes it appropriate to order dismissal with the opportunity to replead rather than outright dismissal with prejudice. See *Stuhlmacher*, 2011 WL 1792853, at *4.

CONCLUSION

For the aforementioned reasons, the motion to dismiss filed by the defendant, Novartis Pharmaceuticals Corporation (DE #14) is **GRANTED**. However, the complaint is **DISMISSED WITHOUT PREJUDICE**, and the plaintiff, Michelle Haywood, is **GRANTED** thirty days from the date of this Order to amend her complaint should she so choose.

**DATED: September 27, 2016**    **/s/ RUDY LOZANO, Judge**
                                 **United States District Court**